IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

OCT 29 2012

D. MARK JONES, CLERK
BY _____ DEPUTY CLERK

| | |
|---|---|
| MICHAEL BARRETT, <br><br> Plaintiff, <br><br> v. <br><br> SALT LAKE COUNTY, <br><br> Defendant. | SPECIAL VERDICT <br><br> Case No. 2:10CV792 DAK |

MEMBERS OF THE JURY:

Please answer the following questions from a preponderance of the evidence, as the court defined that term. If you find that the evidence preponderates in favor of the issue presented, answer "Yes." If you find the evidence is so equally balanced that you cannot determine a preponderance of the evidence, or if you find that the evidence preponderates against the issue presented, answer "No." Also, any damages assessed must be proven by a preponderance of the evidence. The jurors must unanimously agree to the answer to each question.

**QUESTION NO. 1:** Did Mr. Barrett engage in a protected activity under federal law by aiding Ms. Nish in her sexual harassment complaint against Mr. Ginn?

**Answer:**  Yes __✓__  No _____

If your answer to Question No. 1 is "No," do not answer any further questions, and proceed to sign and date this *Special Verdict*. If your answer to Question No. 1 is "Yes," then answer Question No. 2.

1

**QUESTION NO. 2:** Has Mr. Barrett proven by a preponderance of the evidence that "but for" his aid to Ms. Nish regarding her sexual harassment complaint, he would not have been subjected to an adverse employment action?

Answer: Yes ✓   No ____

If your answer to Question No. 2 is "No," go to Question No. 3. If your answer to Question No. 2 is "Yes," then skip Question No. 3 and proceed to Question No. 5.

**QUESTION NO. 3:** Has Mr. Barrett proven by a preponderance of the evidence that retaliation for his aid to Ms. Nish was a motivating factor in the County's adverse action against him?

Answer: Yes ____   No ____

If your answer to Question No. 3 is "No," then do not answer any further questions, and proceed to sign and date this *Special Verdict*. If your answer to Question No. 3 is "Yes," then proceed to Question 4.

**QUESTION NO. 4:** Has Salt Lake County proven by a preponderance of the evidence that it would have taken the same adverse action against Mr. Barrett, even if Mr. Barrett had not participated in a protected activity?

Answer: Yes ____   No ____

If your answer to Question No. 4 is "Yes," then do not answer any further questions, and proceed to sign and date this *Special Verdict*. If your answer to Question No. 4 is "No," then proceed to Question No. 5.

2

**QUESTION NO. 5:** After considering the jury instructions on damages, what amount of lost wages and compensatory damages, if any, do you find that Mr. Barrett suffered from a violation of his federal rights?

    **Back Pay**              $ 80,202.81

    **Compensatory Damages**    $ 50,000

DATED this 29 day of October, 2012.

                                Kurt Gibson
                                FOREPERSON