**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **MICHAEL BARRETT,** | |
| **Plaintiff,** | **JURY INSTRUCTIONS** |
| **v.** | |
| **SALT LAKE COUNTY,** | **Case No.  2:10CV792 DAK** |
| **Defendant.** | |

JURY INSTRUCTION NO. 1

Now that you have heard the evidence and are about to hear the argument, it is my duty to give you the instructions of the Court concerning the law applicable to this case. It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the law as I instruct you and the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts; it is your function as jurors.

Justice through trial by jury depends upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors, and to arrive at a verdict by applying the same rules of law, as given in these instructions. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the circumstances.

JURY INSTRUCTION NO. 2

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, all facts that may have been admitted or stipulated, and the applicable presumptions that will be stated in these instructions.

Statements and arguments of counsel are not evidence in this case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as conclusively proved.

During the course of trial, it often becomes the duty of counsel to make objections. You should not consider or be influenced by the fact that objections have been made. Any evidence to which an objection was made and sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside of this courtroom is not evidence and must be entirely disregarded. You are to consider only the evidence in this case. However, in your consideration of the evidence, you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw from the facts that you find have been proved, such reasonable inferences as seem justified in light of your experience. An inference is a deduction or conclusion that reason and common sense would lead you to draw from facts that are established by the evidence in the case.

3

**JURY INSTRUCTION NO. 3**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, which is proof of a chain of circumstances pointing to the existence or non-existence of certain facts.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**JURY INSTRUCTION NO. 4**

You are the exclusive judges of the credibility of the witnesses and the weight of the evidence.  You may believe or disbelieve all or any part of any witness' testimony.  In judging the weight of the testimony and the credibility of the witnesses you have a right to take into consideration their bias, their interest in the result of the suit, their relationship to any of the parties in the case, or any probable motive or lack thereof to testify fairly, if any is shown.  You may consider the witnesses' deportment upon the witness stand, the reasonableness of their statements, their apparent frankness or candor, or the want of it, their opportunity to know, their ability to understand, their capacity to remember, and the extent to which their testimony has been either supported or contradicted by other credible evidence in the case.  You should consider these matters together with all of the other facts and circumstances that you may believe have a bearing on the truthfulness or accuracy of the witnesses' statements.

## JURY INSTRUCTION NO. 5

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not be cause to discredit the testimony of a witness. Two persons may see or hear the same event differently or reach different conclusions from the same facts. In weighing the effect of an inconsistency, consider the importance of the matter to which it pertains and whether the inconsistency may have resulted from innocent error, lapse of memory, or intentional falsehood. If there are apparent discrepancies in the evidence, you may be able to reconcile them, or you may have to decide which of two or more conflicting versions of the facts you will accept.

**JURY INSTRUCTION NO. 6**

If you believe any witness has willfully testified falsely as to any material matter, you may disregard the entire testimony of such witness, except as it may have been corroborated by other credible evidence.

**JURY INSTRUCTION NO. 7**

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection that should control during your deliberations.

**JURY INSTRUCTION NO. 8**

In this case, Plaintiff has the burden of proving his claim against Defendant by a preponderance of the evidence. "By a preponderance of the evidence," as that term is used in these instructions, means that evidence, which to your minds, is of the greater weight.  The evidence preponderates to the side which, to your minds, seems to be the most convincing and satisfactory.

The preponderance of the evidence is not alone determined by the number of witnesses, nor the amount of testimony or documentary evidence, but rather the convincing character of the testimony and other evidence, and the inferences reasonably to be drawn therefrom, weighed by the impartial minds of the jury.  This rule does not require proof to an absolute certainty, nor does it require proof beyond a reasonable doubt, which is the standard applied in criminal cases. A party has succeeded in carrying the burden of proof by a preponderance of the evidence on an issue of fact if, after consideration of all the evidence in the case, the evidence favoring that party's side of the issue is more convincing to you than not.

**JURY INSTRUCTION NO. 9**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.   It would be improper for you to consider any personal feelings you may have about a parties' race, religion, national origin, gender, or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the Defendant to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**JURY INSTRUCTION NO. 10**

Plaintiff has alleged that Defendant has retaliated against him in violation of his federal civil rights under Title VII of the Civil Rights Act.  To prove retaliation, the Plaintiff must show (1) that he engaged in protected opposition to discrimination, (2) he subsequently suffered a materially adverse action, and (3) that a causal connection existed between the protected activity and the materially adverse action.

### JURY INSTRUCTION NO. 11

If you find that Plaintiff has proved each of these elements by a preponderance of the evidence, then you must find for Plaintiff and against Defendant on this claim.  If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements by a preponderance of the evidence, then you must find against him on this claim and in favor of the Defendant.

**JURY INSTRUCTION NO. 12**

Protected activities includes making a charge of discrimination or harassment or testifying, assisting, or otherwise participating in any manner in his own (or someone else's) charge of discrimination, or retaliation, investigation, proceeding, or hearing under Title VII.

In this case, Plaintiff asserts that he engaged in the following protected activity:  Plaintiff assisted Ms. Nish in reporting and making a sexual harassment complaint.  Plaintiff must prove that he actually participated in a protected activity, but Plaintiff does not have to prove that the underlying charge, investigation, proceeding, or hearing was successful.

**JURY INSTRUCTION NO. 13**

An employer's action is "adverse" under Title VII if it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination or harassment.   The parties in the this case stipulate that the employment action taken in this case constitutes an "adverse" action against Plaintiff.

JURY INSTRUCTION NO. 14

Plaintiff may establish a causal connection between the protected activity and the adverse action in either of two ways:

1.     By demonstrating circumstances supporting an inference that the reason for taking the adverse action was to retaliate for the protected activity.  In other words, "but for" the retaliatory motive, the employer would not have taken an adverse action. This is called the "but-for" framework; or

2.     By demonstrating directly that retaliation was a motivating factor in the employer's decision to take an adverse action.  This is called the "mixed-motive" framework.

The following instructions will provide additional guidance as to these two frameworks for proving a causation.   You will be asked on the Special Verdict form whether Plaintiff has met his burden under either of these frameworks.

15

**JURY INSTRUCTION NO. 15**

To establish a causal connection under the "but-for" framework, Plaintiff must show that the individual who took adverse action against him knew of the employee's protected activity. The required link between the protected activity and subsequent adverse employment action can also be inferred if the action occurs within a short period of time after the protected activity.

## JURY INSTRUCTION NO. 16

Defendant in this case has offered an explanation for its actions pertaining to Plaintiff. Plaintiff, however, may still prevail under a "but-for" framework if he can prove by a preponderance of the evidence that Defendant's articulated reasons are a "pretext" or sham for retaliation.

Pretext can be shown by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in Defendant's proffered reasons that you could rationally find them unworthy of credence and could thus infer that Defendant did not act only for the asserted nondiscriminatory reasons.

You may consider any evidence that you think weighs on the credibility of Defendant's proffered reasons.  The relevant inquiry is whether Defendant honestly believed its articulated reasons and acted in good faith upon those beliefs.

In determining whether Defendant's reasons are a pretext for retaliation, you must look at the facts as they appeared to the person or persons who took any adverse action against Plaintiff. It is not Plaintiff's perception, but the perception of the decisionmaker at the time the decision was made, that is important.

If you disbelieve the Defendant's explanation, you may–but need not–infer that the Defendant's true motive was retaliatory.  Keep in mind that Defendant is not required to prove to you that its actions were motivated by the articulated reasons.  The burden is always on Plaintiff to demonstrate that but for the retaliatory motive, Defendant would not have taken an adverse action against him.

### JURY INSTRUCTION NO. 17

Plaintiff may also prove causation under a "mixed-motive" framework, which means that Plaintiff may prove that Defendant was motivated to take an adverse action for both retaliatory and nonretaliatory reasons.   To prove a case of retaliation under a mixed-motive theory, Plaintiff must present evidence of conduct or statements by persons involved in the decision-making process that may directly reflect the alleged retaliatory attitude.

In proving retaliation under a mixed-motive theory, if Plaintiff can prove that retaliatory animus was a motivating factor, the burden shifts to the employer to demonstrate that it would have taken the same action irrespective of the retaliatory motive.

**JURY INSTRUCTION NO. 18**

If you find that Defendant unlawfully retaliated against Plaintiff on the basis of his protected activity, then you must determine the amount of back pay that Plaintiff has proved was caused by Defendant's wrongful conduct.

In determining back pay, you must make several calculations.  First, calculate the amount of pay and bonuses that Plaintiff would have earned had he not been disciplined from the date of that discipline until today's date.

Then calculate and add the value of the employee benefits (health, life and dental insurance, vacation leave, etc.) that Plaintiff would have received had he not been disciplined from the date of that discipline until the date of trial.  Then, subtract from this sum the amount of pay and benefits that Plaintiff actually earned from other employment during this time.

JURY INSTRUCTION NO. 19

If you find that the Defendant unlawfully retaliated against the Plaintiff on the basis of his protected activity, then you must also determine whether Plaintiff is entitled to compensatory damages for injuries that he proved were caused by Defendant's wrongful conduct.  The damages that you award must be fair compensation, no more and no less.

You may award damages for any emotional distress, pain, suffering, inconvenience or mental anguish, such as embarrassment, humiliation, damage to reputation that Plaintiff experienced as a consequence of the wrongful conduct.  No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced as evidence.  There is no exact standard for setting the compensation to be awarded for these elements of damages.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in making an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on speculation or guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### JURY INSTRUCTION NO. 20

In this case you may not include in any award to Plaintiff, any sum for the purpose of punishing Defendant, or to make an example of it for the public good or to prevent other incidents.

### JURY INSTRUCTION NO. 21

The law forbids you to decide any issue in this case by resorting to chance.   If you decide that the Plaintiff is entitled to recover damages, you may then determine the amount of damages to be awarded.   It would be unlawful for you to agree in advance to take the independent estimate of each juror, then total the estimates, draw an average from the total, and to make the average the amount of your award.  Each of you may express your own independent judgment as to what the amount should be.   It is your duty to thoughtfully consider the amounts suggested, test them in the light of the law and the evidence and, after due consideration, determine, which, if any, of such individual estimates is proper.

**JURY INSTRUCTION NO. 22**

The fact that I have instructed you concerning damages is not to be taken as an indication that I either believe or do not believe that Plaintiff is entitled to recover such damages. The instructions in reference to damages are given as a guide in case you find from a preponderance of the evidence that Plaintiff is entitled to recover. However, if you determine that there should be no recovery, then you will entirely disregard the instructions given you upon the matter of damages.

**JURY INSTRUCTION NO. 23**

It is your duty, as jurors, to consult with one another and to deliberate with a view of reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges–judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### JURY INSTRUCTION NO. 24

When you retire to deliberate, you should first select one jury member to serve as the foreperson to preside over your deliberations and be your spokesperson here in Court.

## JURY INSTRUCTION NO. 25

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson, or by one or more members of the jury.   You should give the signed note to the Court Security Officer, who will remain outside your deliberation room. No member of the jury should attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing or orally here in open Court.

You will note from the oath about to be taken by the Court Security Officer that he, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands numerically or otherwise, until you have reached a unanimous verdict.

This case is being submitted to you by a Special Verdict, which asks you to answer certain questions.  When you have answered all the questions required to be answered, please have your foreperson sign the Special Verdict form and advise the Court Security Officer that such has been done.  Do not give the Special Verdict form to the Court Security Officer.  You will then be returned to the courtroom, where the Special Verdict will be read aloud by the Courtroom Deputy.

26