IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL BARRETT,<br><br>              Plaintiff,<br>vs.<br><br>SALT LAKE COUNTY,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>Case No.  2:10CV792 DAK |

This matter is before the court on Plaintiff's Motion for Attorney's Fees.  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

Plaintiff seeks an Order awarding attorney's fees in the amount of $90,025.   On October 29, 2012, the jury returned a verdict for Plaintiff on his Title VII retaliation claim, awarding him $80,202.81 in back pay as of the date of the trial and $50,000 in compensatory damages for pain and suffering.  Judgment was entered in favor of Plaintiff and against Defendant on November 15, 2012.

Under 42 U.S.C. § 2000e-5(k), the prevailing party in a Title VII case is entitled to a reasonable award of attorney's fees.  "Title VII provides that a successful plaintiff is entitled to recover attorneys' fees except in unusual circumstances." *Lockard v. Pizza Hut*, *Inc.*, 162 F.3d 1062, 1076 (10th Cir.1998) (internal quotes omitted).  To determine a proper

award, a district court should first determine the "lodestar amount" of a fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.1998). The lodestar amount is "number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id.* at 1281. The resulting sum is presumptively reasonable because "[i]t goes without saying that if a court's compensation is not adequate to match what the market will bear for a lawyer's services, then competent lawyers will go elsewhere to offer their services. Such a result would do irreparable damage to our system of private enforcement of federal civil rights." *Id*.

A court may then assess, in its discretion, other factors to determine an appropriate fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). These factors include the "(1) whether the plaintiff's successful and unsuccessful claims were related; and (2) whether the plaintiff's overall level of success justifies a fee award based on the hours expended by plaintiff's counsel." *Flitton v. Primary Residential Mortgage, Inc.*, 614 F.3d 1173 (10th Cir.2010) *citing Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983); *see also Robinson v. City of Edmond*, 160 F.3d 1275, 1283 (10th Cir.1998).

In the present case, the lodestar amount is $90,025.00, based upon total hours, multiplied by the prevailing market rate. Plaintiff's counsel spent 360.10 hours working on this case, billing at a rate of $250.00 per hour. Plaintiff's counsel has been practicing law for 14 years. For the previous 12 years, he has been practicing and litigating in the State of Utah. Based on similarly situated attorneys and cases, the court finds that $250.00 is a reasonable hourly rate for this type of case. Plaintiff obtained a favorable jury verdict.

Defendant, however, argues that the award of fees should be adjusted to reflect the fact

2

that five of Plaintiff's six original causes of action were dismissed–with only the Title VII retaliation claim surviving after the court ruled on Defendant's Motion for Summary Judgment. Defendant argues that the first three causes of action, which were alleged constitutional violations, are not sufficiently related to the Title VII claim to justify an award of attorney's fees, and thus, the hours spend on these claims should be excluded.  Specifically, Defendant seeks a reduction of 30.70 hours, based on the number of hours Plaintiff's counsel spent opposing Defendant's motion to dismiss and motion for summary judgment.

Defendant also seeks a reduction of approximately 80 hours for work undertaken before the filing of the Title VII action.  Defendant argues that Plaintiff's counsel should not be compensated for services rendered during the state grievance procedure.

The court, however, disagrees with both arguments.   Plaintiff's successful and unsuccessful claims arose out of the same facts and were therefore related.  Plaintiff simply attempted to allege various causes of action based on the same core of facts, and "failure on some claims should not preclude full recovery [of attorney's fees] if [the] plaintiff achieves success on a significant interrelated claim." *Flitton*,  614 F.3d at 1177 (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1512 (10th Cir. 1995)).   In addition, the court finds that Plaintiff was highly successful in accomplishing the goal of his lawsuit,[1] and that Plaintiff's success justifies a fee award based on the hours expended by plaintiff's counsel, which are reasonable in light of the length of time it took to litigate the instant lawsuit.

As for Plaintiff's counsel's request for fees based on the administrative proceedings, the

---

[1] Plaintiff was awarded back pay and compensatory damages, and his request for equitable relief is still pending before this court.

court declines to deduct these fees. In pursuing the grievance process, Plaintiff attempted to remedy the situation early-on and mitigated his damages to a large degree. Because the administrative proceedings and the instant lawsuit are so closely related, and because the court does not seek to discourage future plaintiffs from pursuing these avenues, court will not deduct for the work performed on the administrative proceedings. *See Ciechon v. City of Chicago*, 686 F.2d 51, 224-25 (7th Cir. 1982).

Accordingly, the court will award Plaintiff's counsel his requested attorney's fees without any reductions.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees [Docket No. 81] is GRANTED, and Plaintiff's counsel is awarded $90,025 in fees.

DATED this 29th day of April, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge