IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL BARRETT,**<br><br>                  Plaintiff,<br>vs.<br><br>**SALT LAKE COUNTY,**<br><br>                  Defendant. | **MEMORANDUM DECISION AND ORDER REGARDING DEFENDANT'S MOTION TO ALTER JUDGMENT**<br><br>Case No.  2:10CV792 DAK |

       This matter is before the court on Defendant's Motion to Amend the Judgment.  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

       In this motion, Defendant seeks an Order amending the Judgment to delete the compensatory damages awarded by the jury.  Defendant claims that "any § 1983 relief [] is not authorized for a Title VII retaliation claim," citing *Great American Federal Savings & Loan Ass'n v. Novatny*, 442 U.S. 366 (1979) and *Jensen v. Bd. of County Comm'rs*, 636 F. Supp. 293 (D. Kan. 1986).  Defendant concedes that it never contested the issue of compensatory damages prior to trial.

      Not only has Defendant waived such an argument,[1] but the argument that compensatory

---

[1] The Amended Joint Stipulated Pretrial Order states that the action was brought pursuant to Title VII of the Civil Rights Act of 1965, 42 U.S.C. §§ 2000e to 2000e-17 and that a contested

damages are not available for a Title VII retaliation claim is simply wrong.  Prior to the 1991 Amendments to the Civil Rights Act of 1964, "victims of employment discrimination were limited in their recovery to the narrow equitable remedies set our in 42 U.S.C. § 20000e-5(g)." *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1236 (10th Cir. 2000).  But the 1991 amendments created a "'major expansion in the relief available to victims of employment discrimination,' allowing the recovery of compensatory damages . . . ." *Id*. (citing *Landgraf v. USI Film Products*, 511 U.S. 244 (1994)).  Defendant's cited authority, dated between 1979 and 1986, rely on the state of the law prior to the 1991 Amendments and do not reflect the state of the law for the past two decades.

     Moreover, to the extent that Defendant is attempting to argue that references to 42 U.S.C. § 1981(a) were deleted from the Amended Joint Stipulated Pretrial Order, thus barring any compensatory damages, such an argument has no merit.  As set forth in footnote 1 above, it was abundantly clear from the Pretrial Order that Plaintiff was pursuing a Title VII retaliation claim under 42 U.S.C. §§ 2000e to 2000e-17, and the amount of compensatory damages, in addition to back pay, is referenced in both the contested issues of fact and law.[2]

---

issue of fact was "the actual and consequential damages claimed by Barrett" and a contested issue of law was "whether Barrett is entitled to other consequential damages.  If so, the basis and value of those damages."  *See* Docket No. 37 at pages 1, 8.  In addition,  Defendant filed proposed jury instructions on compensatory damages, *see* Docket No. 42, page 8, and a proposed verdict form, asking for the compensatory damage amount.  *See* Docket No. 52, page 4. Defendant also failed to object to the jury instructions or verdict form concerning the issue of compensatory damages.

    [2] Indeed, it has been clear from the beginning of this lawsuit that Plaintiff sought compensatory damages.  In his Complaint, filed August 13, 2010, Plaintiff seeks relief for,

If any argument has not been preserved in the Pretrial Order, it is Defendant's argument that compensatory damages are not available to Plaintiff. Moreover, far from contesting the availability of compensatory damages, Defendant even proposed jury instructions and special verdict questions concerning compensatory damages–and never objected to such damages being sought by Plaintiff.

Accordingly, Defendant has waived any such argument. Even had Defendant not waived the argument, Defendant is incorrect on the law in any event. Plaintiff was entitled to jury consideration of a request for compensatory damages under a Title VII retaliation claim, and the jury here appropriately awarded $50,000 in such damages. Defendant's motion is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Alter the Judgment [Docket No. 84] is DENIED.

DATED this 29th day of April, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

among other things, "general damages in the amount of $300,000 or such amount demonstrated at trial." *See* Docket No. 2 at 18.