IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL BARRETT,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>SALT LAKE COUNTY,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER REGARDING DEFENDANT'S MOTION FOR A NEW TRIAL OR TO AMEND JUDGMENT<br><br>Case No.  2:10CV792 DAK |

　　　　This matter is before the court on Defendant's Motion for a New Trial or, in the Alternative, to Amend a Judgment.[1]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

　　　　Defendant's motion is based upon "(1) a continuing objection to the jury instructions and special verdict form used in this case," (2) Defendant's belief that there was "insufficient evidence to directly demonstrate retaliatory animus by the decision maker," and (3) Defendant's belief that there was "a lack of knowledge by the decision maker that Plaintiff engaged in a

---

[1] While not styled as such in the caption of the motion, Defendant also moves under Rule 50(b) to direct entry of judgment as a matter of law.  *See* Docket No. 71 at 1.  The court denies Defendant's Rule 50(b) motion.

protected activity."[2]   The court denies Defendant's motions for the following reasons.

1. **There Was Sufficient Evidence to Permit Mixed-Motive Theory to Be Presented to the Jury**

Based on *Twigg v. Hawker Beechcraft Corporation*, 659 F.3d 987 (10th Cir. 2011), the court has ruled multiple times that Plaintiff had presented evidence that would permit a mixed-motive theory to be presented to the jury.[3]   After hearing Defendant's argument at the October 25, 2012 Jury Instruction Conference that direct evidence was needed to proceed on a mixed-motive theory, the court disagreed, finding that *Twigg* did not require proof by "direct evidence." *See Twigg,* 659 F.3d at 999-1000.   Defense counsel graciously corrected himself at the subsequent October 29, 2012 Jury Instruction Conference, but he still argued that there was no evidence directly reflecting the alleged retaliatory attitude.   Again, the court disagreed with Defendant's counsel and ruled that there was sufficient evidence for the mixed-motive theory to go to the jury, and the court again affirms its ruling that there was sufficient evidence for the mixed-motive theory to go to the jury.

More importantly, the court finds that this issue is moot in any event because the jury did not return a verdict on the mixed-motive theory but rather found Defendant liable on the "but for" or "pretext" theory of liability.

2. **The Jury Instructions and Special Verdict Were Clear and Correct**

---

[2]  Docket No. 72 at p.1.

[3]  *See* Docket No. 33, Mem. Dec. & Order dated June 4, 2012 at 14.   The court explicitly so ruled at the initial jury instruction conference on October 25, 2012 and at the final jury instruction conference on October 29, 2012.

The proposed jury instructions and special verdict forms filed by the parties prior to trial reflect the parties' confusion about how to clearly instruct the jury about the Title VII retaliation claim, which Plaintiff was pursuing under both a "pretext" theory[4] and under a mixed-motive theory of causation.[5]  The final jury instructions, however, accurately and clearly instructed the jury on the Title VII retaliation cause of action,[6] and the special verdict form accurately and clearly asked the jury to decide first whether Plaintiff had proved a "pretext" theory of retaliation and, if he had not so proved, whether he had proved a mixed-motive theory.[7]

Defendant has repeatedly argued that the instant case should have been presented as a "pretext" test and not a "mixed-motive" test and that "initially, both parties submitted special verdict forms based upon the "pretext" test."[8]  The court disagrees that the proposed special

---

[4]  The "pretext" theory has also been referred to by this court (and other courts) as a "but for" theory of causation.

[5]  *See* Docket Nos. 42, 44.

[6]  *See* Docket No. 70, **Jury Instructions No. 14** (explaining that there were two different ways Plaintiff could prove retaliation and stating that the jury would be asked on the Special Verdict if Plaintiff met his burden under either theory); **Jury Instruction No. 15** (explaining the "but-for" framework requirements); **Jury Instruction 16** (explaining pretext and that if the jury disbelieved Defendant's explanation, the jury may "but need not" infer that the Defendant's true motive was retaliatory).  Instruction 16 also states that Defendant "is not required to prove to you that its actions were motivated by the articulated reasons.  The burden is always on Plaintiff to demonstrate that but for the retaliatory motive, Defendant would not have taken an adverse action against him."; **Jury Instruction No. 17** (explaining requirements for a "mixed-motive" framework).

[7] *See* Special Verdict, Docket No. 68, at Questions 2 -4.

[8]  *See* Docket No. 72 at 7.

verdict forms submitted by the parties were based upon a "pretext" theory.[9] Indeed, Defendant's proposed special verdict form asked a mixed-motive theory question: "Has Salt Lake County proven by a preponderance of the evidence that it would have made the same disciplinary decision regarding Barrett, even if Barrett had not participated in a protected activity?"[10] Only under a "mixed-motive" theory would Defendant Salt Lake County be required to *prove* that it would have made the same decision regarding Barrett even if he had not participated in a protected activity.  *See, e.g.*, *Fye v. Oklahoma Corp Comm*. 516 F.3d 1217, 1224 (10th Cir. 2008). Under a "pretext theory," however, the plaintiff bears the initial burden of establishing a prima facie case of discrimination, and if the defendant is [then] able to articulate a legitimate nondiscriminatory reason for the adverse action, the plaintiff must then show that the articulated reasons are a pretext for retaliation." *Medlock v. Orth Biotech, Inc*. 164 F.3d 545, 549-50 (10th Cir. 1999).

After the court's proposed verdict form was discussed and finalized at the October 25 Jury Instruction Conference, the court, after reviewing the relevant case law again, determined that the special verdict form still conflated the two theories, and, particularly in light of the Jury Instructions, would be confusing to the jury.  The court then emailed to all counsel another special verdict form that attempted to clarify the two different theories of causation and required the jury to answer questions on the special verdict form regarding both the "pretext" theory and a

---

[9] Plaintiff's counsel also disagrees with Defendant's assertion that the original proposed special verdict forms were based on a "pretext" theory.  *See* Docket No. 73. Plaintiff's proposed special verdict form asked mixed-motive questions.  *See* Docket No. 53 at 3, Questions 3 & 4.

[10] *See* Docket No. 52 at 4.

"mixed-motive" theory.[11] Ultimately, on October 26, 2012, after receiving objections from Defendant to the court's newly proposed special verdict form[12] and after receiving Plaintiff's proposal that the jury answer the "mixed-motive" theory questions *only* if the jury did not find in favor of Plaintiff on a "pretext" theory,[13] the court adopted Plaintiff's proposal. The court sent the final proposed special verdict form and jury instruction to counsel on October 27, 2012.[14]

At the final jury instruction conference on the morning of October 29, 2012, Defendant objected to the court's proposed special verdict form. Defendant argued that the jury should answer the question: "Has Salt Lake County Proven by a preponderance of the evidence that it had a legitimate, non-retaliatory reason for taking the adverse action against Mr. Barrett?[15] The court, however, explained that the County was taking on a heavier burden than the law required under a pretext theory and that it did not have to *prove* that it had a legitimate non-retaliatory reason for taking adverse action against Mr. Barrett.[16] The court also ruled that the jury

---

[11] *See* Docket No. 72, Defendant's Memorandum in Support of Motion for New Trial or in the Alternative to Amend Judgment, Exhibit 1 at page 6 of 143 - Email from Anne Morgan to Counsel, dated October 26, 2012.

[12] *Id.*. at Exhibit 1, page 37 of 143.

[13] *Id*. at Exhibit 1, page 48 of 143.

[14] *Id*. at Exhibit 1, pages 98, 113 -116, 126 of 143.

[15]" *Id*. at Exhibit 1, page 142-143 of 143 - Question 5 of Defendants Proposed Special Verdict, emailed on October 27, 2011.

[16] The court also clarified that there was a typographical error in the proposed special verdict Question No. 2 and that the error would be corrected to direct the jury to go proceed to "Question No. 5" instead of "Question No. 4" if the jury answered "yes" to Question No. 2. The County did not object to this change, and Plaintiff's counsel agreed that it should be changed because the jury was not going to answer the mixed-motive questions (Questions Nos. 3 & 4) if it

instructions adequately informed the jury that, if the County had offered a legitimate non-retaliatory reason for taking adverse action against Mr. Barrett, it was Mr. Barrett's burden to prove that the reason was mere pretext.[17]

Accordingly, the court finds that the Jury Instructions adequately instructed the jury as to the requirements for finding retaliation under a "pretext" theory and under a "mixed-motive" theory and that the Special Verdict correctly guided the jury. The court notes, once again, however, that the jury did not reach the mixed-motive questions on the special verdict form, having already found that Plaintiff was retaliated against under a "pretext/but for" theory of causation.[18]

### 3. There Was Sufficient Evidence That the Decisionmaker Had Knowledge That Plaintiff Engaged in a Protected Activity.

Defendant's third basis for its motions is that Defendant believes that there was no evidence presented to the jury that Linda Hamilton–the ultimate decisionmaker–had any knowledge that Plaintiff had assisted Ms. Nish in making a complaint about sexual harassment. The court finds (again) that there was indeed sufficient evidence presented at trial that Ms. Hamilton had knowledge that Plaintiff had engaged in a protected activity, and the court properly permitted the issue to go to the jury.

---

answered "yes" to the "but for" question.

[17] *See* Jury Instructions Nos. 15 & 16, Docket No 70.

[18] *See* Special Verdict, Docket No 68.

## CONCLUSION

Accordingly, Defendant's Motion for a New Trial or in the Alternative To Amend a Judgment [Docket No. 71] is DENIED.

DATED this 29th day of April, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge