**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **MICHAEL BARRETT,**<br><br>                          **Plaintiff,**<br>**vs.**<br><br>**SALT LAKE COUNTY,**<br><br>                          **Defendant.** | **MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR EQUITABLE RELIEF**<br><br>**Case No.  2:10CV792 DAK** |

This matter is before the court on Plaintiff's Motion for Equitable Relief.  The court has carefully reviewed the written memoranda submitted by the parties.  Plaintiff seeks reinstatement to his previous position or, in the alternative, reinstatement to his former paygrade while remaining in his current position or an award of front pay.   In making such an award of front pay, the following factors are relevant:

> work life expectancy, salary and benefits at the time of termination, any potential increase in salary through regular promotions and cost of living adjustment, the reasonable availability of other work opportunities, the period within which the plaintiff may become re-employed with reasonable efforts, and methods to discount any award

*Wittington v. Nordam Group Inc.*, 429 F3.d 986, 1000 (10th Cir. 2005).

Based on the evidence at trial, the court finds that reinstatement to Plaintiff's previous position would be impractical.   The court, however, will grant equitable relief in the form of either reinstatement to Plaintiff's former paygrade or an award of front pay.   The parties, however, shall present evidence as to the factors the court must consider and present legal argument as to which of the two alternatives is appropriate.   The court will soon set a date and

time for an evidentiary hearing on this issue.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for

Equitable Relief [Docket No. 80] is GRANTED.  The precise nature and amount of the equitable

relief will be determined at an evidentiary hearing that will soon be set by the court.

DATED this 29th day of April, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge