# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MICHAEL BARRETT,<br><br>                       Plaintiff,<br>vs.<br><br>SALT LAKE COUNTY,<br><br>                       Defendant. | **MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR EQUITABLE RELIEF**<br><br>Case No. 2:10CV792 DAK |

       This matter is before the court on Plaintiff's Motion for Equitable Relief. In his motion, Plaintiff seeks reinstatement to his previous position or, in the alternative, reinstatement to his former paygrade while remaining in his current position, or an award of front pay. On April 29, 2013, the court ruled that, based on the evidence presented at trial, reinstatement to Plaintiff's previous position would be impractical. The court found, however that equitable relief was warranted in the form of either reinstatement to Plaintiff's former pay grade or an award of front pay. An evidentiary hearing on the issue was held on June 26, 2013. At the hearing, Plaintiff was represented by Russell T. Monahan. Defendant was represented by David H. T. Wayment and Valerie M. Wilde. Since taking the motion under advisement after the evidentiary hearing, the court has further considered the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

       On October 29, 2012, after a five-day jury trial, the jury determined that Mr. Barrett had proven by a preponderance of the evidence the County had retaliated against him for exercising

his rights under Title VII. Specifically, it found that "but for" his aid to a coworker regarding her sexual harassment complaint, he would not have been subjected to an adverse employment action. The jury awarded Mr. Barrett $80,202.81 in back pay and $50,000 in compensatory damages. Plaintiff now seeks reinstatement to his former pay grade (while remaining in his current position), retroactive to the date of the Jury Verdict, or, in the alternative, an award of front pay.

At the time of his termination on March 26, 2009, Plaintiff was the Deputy Chief Building Official, with a pay grade of 29, and he had been employed with the Salt Lake County Planning and Development Division since April 1994. After his appeal to the Career Service Council, he was reinstated on or about January 14, 2010 – but he was demoted to a newly created position of Emergency Services Specialist at a Grade 23. The ruling of the Career Council stated:

> Consistent with County Policy and the authority granted to this Council, the Council orders the Department to reinstate Mr. Barrett. The Department may demote him to a non-management position. Pursuant to Policy 5700, §2.6, "the salary of the demoted employee shall not exceed the new pay range maximum without express authorization from the Mayor." The Council grants the Department discretion to place Mr. Barrett in a new position so long as that placement is consistent with his, education, training and experience. For example, Mr. Barrett could be assigned to the position of Building Inspector or he could be assigned special projects similar to some of the projects he was involved in as a section manager that were not essential to position of section manager.

When he was reinstated, he was provided with back pay at his demoted rate from the date of termination. The decrease in Mr. Barrett's pay was substantial: at the time of his termination, Mr. Barrett was making $32.09 per hour, and after his reinstatement to a lower pay grade, he

made $22.03 per hour–$10 per hour less than in his previous position. Now, approximately four years later, he is a grade 25 and makes $23.76 per hour.

The court "must be guided by the fact that 'one of the central purposes of Title VII is 'to make persons whole for injuries suffered on account of unlawful employment discrimination." *Carter v. Sedgwick County*, 36 F.3d 952, 957 (10th Cir.1994). Reinstatement is the preferred equitable relief remedy under Title VII and should be ordered whenever possible. *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1176 (10th Cir. 2003). Here, the court has already ruled that reinstatement to his previous position is not possible because another employee currently holds that position. Having considered the evidence and arguments presented by both sides, and recognizing that the County opposes any type of equitable relief, the court finds that Mr. Barrett has not been made whole by the jury's award of back pay and compensatory damages. The County has presented various figures regarding what it believes is an appropriate level of front pay, but the court finds that reinstatement to his former pay grade–while remaining in his current position–is the most appropriate remedy for making Mr. Barrett whole after the retaliation he suffered for his participation in a protected activity.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Salt Lake County shall reinstate Plaintiff Michael Barrett to his previous pay grade of 29, retroactive to the date of the jury verdict–October 29, 2012. The County may leave Mr. Barrett in his current position or find another position for which he is qualified. In addition, the County shall give to Mr. Barrett the standard pay increases that would normally occur as if he had been fully reinstated to his prior

position. All post-trial motions have now been resolved, and therefore, the Clerk of the Court is directed to close this case.

DATED this 28th day of August, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge